# Exhibit A

# Complaint

FILED
2026 MAR 17 11:35 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-09091-2 SEA

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

| | |
|---|---|
| John Wood, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>OMAHA STEAKS INTERNATIONAL, LLC and OMAHASTEAKS.COM, LLC,<br><br>*Defendants*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## Table of Contents


I. Introduction. .......... 1

II. Parties. .......... 1

III. Jurisdiction and Venue. .......... 2

IV. Facts. .......... 3

A. Omaha Steaks advertises fictitious, supposedly time-limited discounts on its website. .......... 3

B. Omaha Steaks sends false and misleading emails to promote its fake sales. .......... 9

C. Omaha Steaks' emails injure consumers and are materially deceptive. .......... 16

V. Class Action Allegations. .......... 18

VI. Claims. .......... 19

Count 1: Violations of Washington's Commercial Electronic Mail Act .......... 19

Count 2: Violations of the Washington Consumer Protection Act. .......... 20

VII. Jury Demand. .......... 22

VIII. Prayer for Relief. .......... 22




Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## I. Introduction.

1. Deceptive emails plague consumers' inboxes. The Washington legislature, concerned with deception in emails, enacted the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190, which, among other things, prohibits any person from sending a commercial email with a false or misleading subject line. RCW 19.190.020.

2. For marketing emails that advertise sales or product discounts, CEMA prohibits subject lines that misrepresent when a purported sale ends and the size of the true discount. *Brown v. Old Navy LLC*, 4 Wn.3d 580 (Wash. 2025).

3. Omaha Steaks International, LLC and OmahaSteaks.com, LLC (collectively, "Defendant" or "Omaha Steaks") market and sell Omaha Steaks-branded products, including steaks, meat, seafood, and some prepared foods, through the Omaha Steaks website, www.omahasteaks.com ("Omaha Steaks Products" or "Products").

4. Defendant sends commercial emails to Washington residents on its mailing list. These emails frequently contain subject lines that advertise time-limited promotions or discounts on Omaha Steaks Products. For example, "LAST DAY! 50% OFF" and "Semi-Annual Sale is HERE: 50% OFF Sitewide." But the sales do not really end when the emails say they will. And the true discounts are not what the emails claim.

5. These deceptive emails are material to consumers. They drive sales and profits by creating a false sense of urgency to purchase before the sale ends and a false sense of value based on a misleading discount.

6. Plaintiff is a Washington resident who received Defendant's deceptive emails. Plaintiff brings this case for himself and other Washington consumers who received Defendant's deceptive emails.

## II. Parties.

7. Plaintiff John Wood is domiciled in Bellingham, Washington.

8. The proposed Class includes citizens of Washington.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

9. Omaha Steaks International, LLC is a Delaware limited liability company that maintains its principal place of business at 11030 "O" Street, Omaha, Nebraska 68137. It was formed on or around October 26, 2023 as the successor-in-interest to Omaha Steaks International Inc., and continues the same business operations, branding, marketing practices, and conduct as Omaha Steaks International Inc. OmahaSteaks.com, LLC is a Delaware limited liability company that also maintains its principal place of business at 11030 "O" Street, Omaha, Nebraska 68137. Omaha Steaks International, LLC and OmahaSteaks.com, LLC are collectively referred to herein as "Omaha Steaks" or "Defendant."

## III. Jurisdiction and Venue.

10. This Court has subject matter jurisdiction under the Washington State Constitution, which sets forth the jurisdiction of Washington Superior Courts. This Court also has subject matter jurisdiction under the Consumer Protection Act ("CPA"), RCW 19.86.090, and the Commercial Electronic Mail Act ("CEMA"), RCW 19.190.090, which give Washington Superior Courts jurisdiction over claims brought under the CPA and CEMA.

11. This Court has personal jurisdiction over Omaha Steaks under RCW 4.28.185. Omaha Steaks transacts business in Washington and the claims giving rise to this action arise from Defendant's transaction of business in this state and also Defendant's purposeful transmission of electronic mail messages to Washington residents. This Court also has personal jurisdiction over Omaha Steaks under RCW 19.86.160 because Omaha Steaks has engaged in conduct in violation of the CPA that has had an impact in Washington.

12. Venue is proper in King County Superior Court because Omaha Steaks resides here for purposes of venue. RCW 4.12.025. At all relevant times, Omaha Steaks has transacted business in King County, including by selling Products to customers living in King County and by sending electronic mail messages to residents of King County.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## IV. Facts.

### A. Omaha Steaks advertises fictitious, supposedly time-limited discounts on its website.

13. On its website, Defendant creates the false impression that its Products' regular prices are higher than they truly are.

14. At any given time, on its website, Defendant advertises steep discounts on its Products. These discounts almost always offer "50% Off" the listed regular prices that Defendant advertises. Even though in truth these discounts run in perpetuity, Defendant claims they are limited in time. Defendant changes the names of its various promotions but the discounts offered are consistently available. Here are some of the promotions that Defendant runs on its webpage:



15. In addition to the attention-grabbing banners like those shown above, Defendant lists the discount prices for its Products alongside the listed regular prices appearing in strikethrough font, further emphasizing the purported discounts. Example screenshots are provided below and on the following pages:




*Captured March 31, 2022*



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066




*Captured April 3, 2023*




*Captured November 5, 2025*

16. Defendant represents that these discounts will only be available for a limited time, but in reality, they continue indefinitely. For example, in January and February 2025, Defendant was offering an "End of Season Sale" with a "50% OFF Sitewide" promotion:



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066




*Captured January 2, 2025; January 16, 2025; February 4, 2025; and February 20, 2025*

17. To reasonable consumers, this means that shortly after the season ends (here, Winter), Defendant's Products will no longer be on sale and will retail at their purported regular prices. But Defendant's sales do not end, and the purported regular prices do not return.

18. Instead, Defendant keeps offering the discount pricing and simply changes the name of the sale. For example, after enough time had passed so that an "End of Season" sale no longer made sense, Defendant simply changed the name of the promotion. In this case, Defendant changed it to "Semi-Annual Sale." But the sale remained the same. It included the same "50% OFF Sitewide" promotion:




*Captured March 13, 2025; March 26, 2025*



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

19. Then, after the "Semi-Annual Sale" concluded, Defendant's Products did not return to their purported regular list prices. Instead, Defendant simply changed the name of the promotion again, this time to the "Spring Savings" sale. And again, the sale remained the same: "50% OFF Sitewide":




*Captured April 9, 2025; April 24, 2025*

20. Then, when enough time passed so that a "Spring Savings" sale no longer made sense, Defendant removed the "Spring Savings" descriptor, but kept the same "50% OFF Sitewide" promotion:




*Captured May 1, 2025*

21. Defendant next advertised its sale as the "Memorial Day Sale," which then became the "Father's Day" sale, which then became the "4th of July Sale," which then became the "Blazing Hot Sale," which then became the "Anniversary Sale," which then became the "Labor Day Sale," which then became the "Early Black Friday" sale, which then became another "Semi-Annual Sale," which then became the "Sizzle All the Way Sale," which then returned back to another "End of Season Sale." But



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

regardless of the sales' names, they all offer the same "50% OFF Sitewide" discount. Throughout the year, and year after year, Defendant repeats this cycle of constant promotions.

22. Using these tactics, Defendant leads reasonable consumers to believe that Defendant's sales are only available for a limited time, but, as shown above, they continue constantly, and are continuously replaced by similar sales. The list (or strike-through) prices Defendant advertises are not actually Defendant's regular prices, because Defendant's Products are consistently available for less than that. The purported discounts Defendant advertises are not the true discount the customer is receiving, and are often not a discount at all.

23. To confirm that Defendant consistently offers discounts off purported regular prices that are automatically applied to all orders, Plaintiff's counsel performed an investigation of Defendant's advertising practices using the Internet Archive's Wayback Machine (available at www.archive.org)[1] and screen captures from the www.omahasteaks.com website. That investigation confirms that Defendant's sales have persisted continuously. For example, 96 screenshots of Defendant's website, www.omahasteaks.com, were captured on the Wayback Machine, from dates between January 2022 and February 2026. This includes screenshots captured on January 7, 2022; January 11, 2022; February 7, 2022; February 15, 2022; March 11, 2022; March 31, 2022; April 2, 2022; April 19, 2022; May 19, 2022; May 30, 2022; June 8, 2022; June 23, 2022; July 7, 2022; July 23, 2022; August 14, 2022; August 29, 2022; September 11, 2022; September 24, 2022; October 2, 2022; October 28, 2022; November 11, 2022; November 26, 2022; December 13, 2022; December 29, 2022; January 3, 2023; January 19, 2023; February 11, 2023; February 26, 2023; March 8, 2023; March 23, 2023; April 3, 2023; April 18, 2023; May 6, 2023; May 21, 2023; June 5, 2023; June 18, 2023; July 14, 2023; July 30, 2023; August 5, 2023; August 19, 2023; September 14, 2023; September 30, 2023; October 10 2023; October 26, 2023; November 12, 2023; November 28, 2023; December 4, 2023; December 19, 2023; January 3, 2024; January 17, 2024; February 9, 2024; February 24, 2024; March 14, 2024; March 28, 2024; April 10, 2024;

[1] The Internet Archive, available at archive.org, is a library that archives web pages. https://archive.org/about/



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

April 29, 2024; May 11, 2024; May 24, 2024; June 4, 2024; June 22, 2024; July 14, 2024; July 28, 2024; August 12, 2024; August, 24, 2024; September 10, 2024; September 22, 2024; October 6, 2024; October 29, 2024; November 14, 2024; November 29, 2024; December 9, 2024; December 24, 2024; January 2, 2025; January 16, 2025; February 4, 2025; February 20, 2025; March 13, 2025; March 26, 2025; April 9, 2025; April 24, 2025; May 1, 2025; May 18, 2025; June 13, 2025; June 23, 2025; July 13, 2025; July 18, 2025; August 11, 2025; August 24, 2025; October 15, 2025; October 17, 2025; November 5, 2025; November 15, 2025; December 11, 2025; December 28, 2025; January 22, 2026; and February 8, 2026.

24. As shown above, Omaha Steaks' promotions run continuously, and its discounts are effectively permanent.

**B. Omaha Steaks sends false and misleading emails to promote its fake sales.**

25. To promote the supposed discounts it advertises on its website, Defendant sends commercial emails to consumers on its mailing list. The subject lines of those emails frequently advertise the supposed sales that are available on Defendant's Products, as described above. For example, the subject lines include statements like: "LAST DAY! 50% OFF" or "Save BIG w/ 50% OFF" or "Semi-Annual Sale is HERE: 50% OFF sitewide."

26. Defendant's subject lines are false and misleading. First, Defendant's email subject lines state that a special sale is going on (for example, "Semi-Annual Sale"). To reasonable consumers, this means that a sale is running that allows them to purchase Products at a lower-than-usual price. Second, Defendant's email subject lines state that the recipient will receive a certain percentage discount (for example, "50% Off") if they buy during a specified timeframe (for example, before the "Semi-Annual Sale" ends). To reasonable consumers, this conveys that if they buy during the sale, they will receive the specified percentage off *Defendant's regular prices*, i.e., the price at which Defendant typically sells the Products, sold the Products before the promotion started, and will sell the Products again when the promotion ends. But here, because Defendant almost always offers significant, materially similar, sitewide discounts, consumers who buy during a supposed sale do not actually have the chance to buy Defendant's Products at a lower-than-usual price. Nor do they get the advertised discount off of Defendant's regular prices. Instead, they get a much smaller discount, or no discount at all. In other



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

words, based on Defendant's email subject lines, reasonable recipients believe that if they buy during a sale, they will receive a real discount off of Defendant's true regular prices, but in fact what they receive is no discount at all or a nominal discount off of fictitious, inflated prices at which Defendant's Products are rarely, if ever, sold. So these email subject lines are false or, at a minimum, misleading.

27. Second, Defendant's email subject lines often explicitly state that the discounts are limited-duration or ending soon (for example, "LAST DAY!"). To reasonable consumers, these statements convey that the advertised discount is only available for a limited period and that, after the period ends (i.e. after the "LAST DAY"), Defendant's Products will go back to retailing at the price to which the discount (i.e., "50% off) is applied. But in reality, after the specified time period, Defendant either continues the sale that was supposedly running for the "Last Day," or replaces it with a materially similar sale offering materially similar discounts on Defendant's Products. So email subject lines that contain these statements are false or, at a minimum, misleading, for this additional reason.

28. Defendant sends these emails for the purpose of promoting its goods for sale and to drive sales. By misrepresenting the amount of its supposed discounts and the duration of its supposed sales, Defendant creates a false sense of urgency. Recipients who read Defendant's email subject lines believe that if they act now, they can purchase a higher value item at a limited-time discount. If they wait, then the discount will expire and they will have to pay the former or regular price.

29. Defendant routinely sends these kinds of deceptive emails to Plaintiff and other Class members. For example, on January 12, 2026, Defendant sent a commercial email to Plaintiff and other Class members with a subject line that read: "LAST DAY! 50% OFF + EXTRA 20% OFF & FREE burgers":



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066




30. Based on the representations in the subject line, a reasonable recipient of the January 12, 2026, email, would believe that if they purchased during the sale, they would receive this special discount off of the regular and former prices of Defendant's Products. They would also believe that Defendant was offering a limited time sale that was ending soon ("LAST DAY") and that beginning the next day (i.e., after the "END OF SEASON SALE" was over), customers would no longer be able to get "50% OFF" and the Products' prices would return to their regular prices (the prices to which "50% OFF" is applied).

31. But as described above, Defendant's 50% off sales do not end, and its Products' prices do not return to their purported regular prices. After the "LAST DAY" of the "END OF SEASON SALE" with its 50% off discount passed, Defendant continued to offer 50% off discounts. For

example, as depicted in paragraph 33 below, on January 27, 2026, Defendant sent a commercial email to Plaintiff and other Class members promoting a new iteration of its ongoing "50% OFF" promotions, the "DEALiscious SALE."

32. Accordingly, the subject line of Defendant's January 12, 2026, email was false and misleading in two ways. First, the subject line's assertion that recipients would get "50% OFF" was false and misleading. Because, as shown above, Defendant's sales are almost always available, recipients of the email could not actually get 50% off of Defendant's regular prices. Second, the duration of the sale as represented by the subject line was deceptive because recipients of the email could regularly and consistently get 50% off on Defendant's Products. As shown above, the ability to obtain 50% off was not limited to the purported "LAST DAY" on January 12, 2026. It was regularly available before and after Defendant sent the email. The January 12, 2026, email was false, misleading, and violated CEMA.

33. Additional examples of commercial emails with false and misleading subject lines that Defendant sent to Plaintiff and putative Class members are shown on the following pages:



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

- January 27, 2026, email with subject line: "Save BIG w/ 50% OFF + EXTRA 20% OFF":








Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

- February 16, 2026, email with subject line: "Get 50% OFF + an EXTRA 20% OFF":






Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

- February 28, 2026, email with subject line: "Semi-Annual Sale is HERE: 50% OFF sitewide + extra 20% OFF":





Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

34. Defendant is constantly sending commercial emails to recipients on its mailing list. Based on the emails Defendant sent to Plaintiff, Plaintiff estimates that Defendant has sent many thousands of emails to Washington recipients, with similar false or misleading subject lines.

35. Defendant knows, or has reason to know, that it sends its emails containing false and misleading subject lines to Washington residents. Defendant knows where recipients of its emails reside because (i) Defendant has physical addresses associated with recipients' accounts or orders; (ii) Defendant has access to data regarding the recipient including the recipient's state of residence, such as IP address tracking geolocation data; and/or (iii) information regarding the residence of the recipient was available to Defendant upon request from the registrant of the internet domain name contained in the recipient's electronic mail address. So Defendant knows that some of its customers and recipients of its mailing list are Washington residents.

36. Defendant also knows what sales it is offering and what sales it plans to offer in the near future. It knows that, in truth, the opportunity to receive substantial discounts will not end on the advertised end date of its sales; and that it is not really consumers' last chance to get the advertised sales. Defendant also knows how frequently it runs discounts and thus knows that consumers are not really getting the advertised discount off Defendant's regular prices (the prices most consumers pay).

**C. Omaha Steaks' emails injure consumers and are materially deceptive.**

37. Defendant's false and misleading emails result in actual and substantial injury to Plaintiff. It violates Plaintiff's statutory right not to receive commercial emails that contain false or misleading subject lines, which the legislature has deemed to be a "matter[] vitally affecting the public interest." RCW 19.190.030(3). Violation of a right that vitally affects the public interest results in actual and substantial harm to Plaintiff and putative Class members.

38. Defendant's emails containing false and misleading information also clog up inboxes, waste limited data space, and violate Plaintiff's and putative Class members' statutory right to be free from deceptive commercial emails.

39. Omaha Steaks' deceptive email subject lines are also material to reasonable consumers.



Dovel & Luner, LLP
201-Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

40. Consumers care about receiving discounts. Receiving a good deal—a discount—is important to consumers, and material to a consumer's purchasing decisions about the Products.

41. Discounts drive purchases. Consumers are more likely to buy a product when they think they are getting a good deal. They are also willing to pay more for products, if they believe the product is worth more than they are paying for and that they are getting a substantial discount.

42. Research confirms that discounts are important to consumers. "Nearly two-thirds of consumers surveyed admitted that a promotion or a coupon often closes the deal, if they are wavering or are undecided on making a purchase."[2] And, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[3]

43. Similarly, when consumers believe that an offer is expiring soon, the sense of urgency makes them more likely to buy a product.[4]

44. When a reasonable consumer sees Omaha Steaks' emails saying that the discount will end imminently, they expect that if they miss the sale, the discount will not be available again soon. Consumers do not expect that the sale will be extended or that a materially similar sale will quickly replace it. This creates a false sense of urgency to buy that drives sales and profits.

45. Similarly, when a reasonable consumer sees a substantial discount (e.g. "50% off"), they believe they are getting a discount off Defendant's regular prices. They do not expect that the

[2] Invesp, How Discounts Affect Online Consumer Buying Behavior (https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/).

[3] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (https://www.prnewswire.com/news-releases/retailmenot-survey-deals-and-promotional-offers-drive-incremental-purchases-online-especially-among-millennial-buyers-300635775.html).

[4] CXL, Creating Urgency, (https://cxl.com/blog/creating-urgency/) (last accessed November 16, 2025) (increasing urgency by advertising limited time nature of promotion increased conversion rates nearly 300%); Adestra, Dynamic email content leads to 400% increase in conversions for Black Friday email (https://uplandsoftware.com/adestra/resources/success-story/dynamic-email-content-leads-to-400-increase-in-conversions-for-black-friday-email/) (400% higher conversation rate for ad that increased urgency via countdown timer).



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

supposedly discounted price is really the regular price that most people pay. This misleading sense of value drives sales and profits.

46. This is why Defendant sends these emails. Defendant intends to deceive consumers into believing that its discounts are limited time and into believing that consumers are getting a substantial discount off Defendant's regular and former prices. Defendant's emails make Washington consumers more likely to open the emails, read the emails, buy the Products quickly, and be willing to pay more for the Products. This increases demand, drives sales, allows Defendant to sell more Products than it otherwise could, and charge more than it otherwise could.

## V. Class Action Allegations.

47. Plaintiff brings the asserted claims on behalf of the proposed Class of all Washington residents who received promotional emails from Omaha Steaks with subject lines advertising sales or discounts on Omaha Steaks Products, during the applicable statute of limitations.

48. The following people are excluded from the proposed Class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

### *Numerosity*

49. The proposed Class contains members so numerous that separate joinder of each member of the Class is impractical. There are at least thousands of Class members in Washington.

50. Class members can be identified through Defendant's electronic mailing lists and public notice.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

***Predominance of Common Questions***

51. There are questions of law and fact common to the proposed Class. Common questions of law and fact include, without limitation:

(1) whether Defendant's email subject lines regarding its discounts are false or misleading;

(2) whether Defendant's email subject lines violate CEMA;

(3) whether Defendant's email subject lines violate the CPA;

(4) the greater of actual damages and statutory damages due to Plaintiff and the proposed Class.

***Typicality & Adequacy***

52. Like members of the proposed Class, Plaintiff received emails from Defendant that contained false or misleading subject lines regarding Defendant's discounts.

53. There are no conflicts of interest between Plaintiff and the Class.

***Superiority***

54. A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

## VI. Claims.

### Count 1: Violations of Washington's Commercial Electronic Mail Act

**(By Plaintiff and the Class)**

55. Plaintiff incorporates the facts alleged above.

56. Plaintiff brings this cause of action on behalf of himself and members of the Class.

57. Omaha Steaks is a "person" under CEMA. RCW 19.190.010(11).

58. As alleged in detail above, Omaha Steaks violated CEMA by initiating the transmission of commercial electronic mail messages that contained false or misleading information in the subject line to Plaintiff's and Class members' electronic mail addresses.

59. Defendant sent these emails to Plaintiff and Class members for the purpose of promoting Omaha Steaks' Products for sale.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

60. Defendant knew or had reason to know that it transmitted such emails to email addresses held by Washington residents, including Plaintiff.

61. Defendant's acts and omissions violated RCW 19.190.020(1)(b).

62. Defendant's acts and omissions injured Plaintiff and Class members.

63. The balance of equities favors the entry of permanent injunctive relief against Defendant. Plaintiff, the members of the Class, and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Defendant. A permanent injunction against Defendant is in the public interest. Defendant's unlawful behavior is ongoing as of the date of the filing of this pleading, so without the entry of a permanent injunction, Defendant's unlawful behavior will not cease and, in the unlikely event that it voluntarily ceases, is likely to reoccur.

64. Plaintiff and Class members are therefore entitled to injunctive relief in the form of an order enjoining further violations of RCW 19.190.020(1)(b).

## Count 2: Violations of the Washington Consumer Protection Act

**(By Plaintiff and the Class)**

65. Plaintiff incorporates the facts alleged above.

66. Plaintiff brings this cause of action on behalf of himself and members of the Class.

67. Plaintiff and Class members are "persons" within the meaning of the CPA. RCW 19.86.010(1).

68. As alleged in detail above, Defendant violated CEMA by initiating the transmission of commercial electronic mail messages to Plaintiff and Class members that contained false or misleading information in the subject line.

69. A violation of CEMA is a per se violation of the CPA. RCW 19.190.030(1).

70. A violation of CEMA establishes all elements of the CPA as a matter of law.

71. As alleged in detail above, Defendant's transmission of commercial electronic mail messages to Plaintiff and Class members that contained false or misleading information in the subject line also violates the CPA because it constitutes unfair or deceptive practices that occur in trade or commerce.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

<u>Unfair Acts or Practices</u>

72. As alleged in detail above, Defendant committed "unfair" acts by falsely stating in email subject lines that it was offering a discount off the regular prices of its Products, and that the discount was time-limited, when this was not accurate.

73. The harm to Plaintiff and the Class greatly outweighs the public utility of Defendant's conduct. There is no public utility to misrepresenting whether Products are discounted and misrepresenting the duration of sales. Plaintiff's and the Class's injury was not outweighed by any countervailing benefits to consumers or competition. Misleading consumers only injures healthy competition and harms consumers.

<u>Deceptive Acts or Practices</u>

74. As alleged in detail above, Defendant's representations in email subject lines that its Products were on sale for a limited time and that the customers could receive the advertised discounts only in that limited time are deceptive.

75. Defendant's representations were likely to deceive, and did deceive, Plaintiff and other reasonable recipients. Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

76. Defendant's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.030(3); RCW 19.190.100.

77. Defendant's acts and omissions caused injury to Plaintiff and Class members. In addition, violations of CEMA establish the injury and causation elements of a CPA claim as a matter of law.

78. Under the CPA, "[p]rivate rights of action may … be maintained for recovery of actual damages, costs, and a reasonable attorney's fee. A private plaintiff may be eligible for treble damages," and "may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction) (internal citations omitted); RCW 19.86.090.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

79. Under the CPA, Plaintiff and Class members are entitled to seek, and do seek, the greater of actual damages and statutory damages of $500 per email that violates CEMA. In addition, Plaintiff and Class members seek treble damages, which are permitted under the CPA, including for CEMA violations. Plaintiff seeks treble damages to further Plaintiff's and Class members' financial rehabilitation, encourage citizens to bring CPA actions, deter Defendant and other persons from committing CEMA violations, and punish Defendant for its false and misleading advertising practices.

80. Plaintiff and Class members are also entitled to, and seek, injunctive relief prohibiting Defendant's further violations of the CPA.

## VII. Jury Demand.

81. Plaintiff demands the right to a jury trial on all claims so triable.

## VIII. Prayer for Relief.

82. Plaintiff seeks the following relief for himself and the proposed Class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the proposed Class;
- The greater of actual or statutory damages, treble damages, and punitive damages where applicable;
- Pre- and post-judgment interest;
- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

Dated: March 17, 2026

Respectfully submitted,

By: /s/ Cody Hoesly
Cody Hoesly (WSBA #41190)
choesly@bargsinger.com
BARG SINGER HOESLY PC
121 SW Morrison St., Ste. 600
Portland, OR 97204
Ph. (503) 241-3311

Jonas B. Jacobson (WSBA #62890)
jonas@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Counsel for Plaintiff*